**In re: Ingrid OLSEN, Debtor,**

**Reynold Olsen, Appellant,**

v.

**419 Apartment Corporation, Appellee.***

No. 08–5877–bk.

United States Court of Appeals, Second Circuit.

Dec. 21, 2009.

Reynold Olsen, pro se, New York, NY.

Bruce H. Wiener, Wurshaw Burstein Cohen Schlesinger & Kuh, LLP, New York, NY, for Appellee.

---

* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

**370**

Present GUIDO CALABRESI, JOSÉ A. CABRANES and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Appellant Reynold Olsen ("Olsen") appeals from a judgment of the District Court entered September 22, 2008 which affirmed two decisions of the United States Bankruptcy Court for the Southern District of New York (James M. Peck, *Judge*), which, in turn, denied both (1) Olsen's motion to vacate a settlement agreement between appellee 419 Apartment Corporation and Olsen's wife, Ingrid Olsen, and (2) Olsen's motion for reconsideration of that decision. On appeal, Olsen makes a number of arguments including that (1) the Bankruptcy Court misapplied Fed. R. Bankr.P. 9024, (2) the Bankruptcy Court erred by ruling *sua sponte* that his motions were untimely under 11 U.S.C. § 1144, and (3) that the proceedings in Ingrid Olsen's Chapter 11 bankruptcy case, to the extent they affected Olsen's property, violated the automatic stay of Olsen's separate Chapter 13 bankruptcy case. We assume the parties' familiarity with the remaining factual and procedural history of the case.

We find no error in the District Court's thorough and careful Memorandum and Order entered September 19, 2008, and we affirm the judgment substantially for the reasons stated therein. *See In re Olsen,* No. 06 Civ. 4004(RJS), 2008 WL 4298586 (S.D.N.Y. Sept.19, 2008). We further note that Olsen's argument that the Bankruptcy Court proceedings somehow violated the automatic stay in his Chapter 13 bankruptcy case, although not addressed by the District Court, is without merit. The docket of Olsen's Chapter 13 case reflects that in January 2004 the Bankruptcy Court ordered that the automatic stay be completely vacated and lifted with respect to 419 Apartment Corporation. *See* Docket Entry 35, *In re Olsen,* 03–bk–41454 (Bankr.S.D.N.Y. Jan. 29, 2004).

## CONCLUSION

We have considered all of appellant's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**